KAI PETERS (SBN: 198516)
kpeters@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

SARA M. TURNER (*pro hac vice*)
smturner@bakerdonelson.com
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

Attorneys for Defendant
*CHOICE HOTELS INTERNATIONAL, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C., an individual<br><br>Plaintiff,<br><br>vs.<br><br>CHOICE HOTELS INTERNATIONAL, INC.; KHANNA ENTERPRISES LTD, LP; EASTLAND ESTATE LLC; RED ROOF INNS, INC.; RED ROOF FRANCHISING, LLC; TRI-LIN HOLDINGS, LLC; KABIR ONTARIO, LLC; RR ONTARIO, LLC; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:24-CV-02322-DSF-MAA<br><br>Judge: Hon. Dale S. Fischer<br>Magistrate: Hon. Maria A. Audero<br><br>Discovery Dispute<br><br>**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION** |

1

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE
APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED
NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

*Left margin (vertical text):* Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................7

II.   ARGUMENT AND CITATIONS OF AUTHORITY ....................................8

      A.    Ex Parte Relief is Necessary and Appropriate.......................................8

      B.    Plaintiff's Notice Improperly Attempts to Force Defendants to
            Take the Deposition of Plaintiff Without a Full Production by
            Plaintiff of Her Social-Media Materials ................................................9

      C.    Plaintiff's Notice Improperly Attempts to Force Defendants
            Into a Remote Deposition of Plaintiff..................................................17

      D.    Plaintiff's Notice Improperly Seeks the Deposition of Plaintiff
            Outside of this District ........................................................................18

III.  CONCLUSION .................................................................................................21

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE
APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED
NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Fenerjian v. Nong Shim Co., Ltd,*
No. 13CV04115WHODMR, 2016 WL 1019669 (N.D. Cal. Mar. 15, 2016).. 18

*Fleites v. MindGeek S.A.R.L.,*
Case No.: 2:21-04920 CJC (ADSx),
2023 WL 5505890 (C.D. Cal. June 1, 2023) ........................................................ 9

*Hyde & Drath v. Baker,*
24 F.3d 1162 (9th Cir. 1994) ........................................................ 18

*Lexington Ins. Co. v. Commonwealth Ins. Co.,*
No. 98-cv-3477-CRB (JCS), 1999 WL 33292943
(N.D. Cal. Sept. 17, 1999) ........................................................ 18

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
883 F. Supp. 488 (C.D. Cal. 1995) ........................................................ 8

*Mueller v. Cnty. of San Bernardino,*
No. EDCV18151DSFSPX, 2019 WL 9050998
(C.D. Cal. Dec. 19, 2019) ........................................................ 19

*Mullins v. Premier Nutrition Corp.,*
No. C–13–01271–RS (DMR), 2014 WL 4058484
(N.D. Cal. Aug. 15, 2014) ........................................................ 18

*Orrison v. Balcor Company,*
132 F.R.D. 202 (N.D. Ill. 1990) ........................................................ 19

*Perdana Cap. Inc. v. Chowdry,*
No. C 09-1479 RS (JL), 2010 WL 11475933
(N.D. Cal. Sept. 2, 2010) ........................................................ 19

*Sleep Number Corp. v. Sizewise Rentals, LLC,*
Case No. ED CV 18-356-AB (SPx), 2019 WL 12536127
(C.D. Cal. Sept. 26, 2019) ........................................................ 8

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE
APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED
NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Choice Hotels International, Inc. ("Choice") hereby submits this opposed *Ex Parte* Application seeking a protective order cancelling the November 4, 2025 deposition of Plaintiff that Plaintiff noticed of herself two weeks prior to the proposed deposition on October 21, 2025. (*See* Kastler Decl., Ex. A (Plaintiff's October 21, 2025 Notice of Deposition of Plaintiff E.C. (the "Notice")).)

Good cause exists to grant Choice's application for three separate reasons. First, by Noticing her own deposition, Plaintiff seeks to force Defendants to take her deposition before Plaintiff has produced significant portions of discovery she has repeatedly promised to produce and that are vital to Defendants preparing and taking her deposition—specifically, discovery materials relating to Plaintiff's social media accounts. Second, Choice has repeatedly informed Plaintiff since at least May 2025 that Choice will insist on taking Plaintiff's deposition in person, yet Plaintiff attempts to evade an in-person deposition by designating her deposition as remote in the Notice. And third, Plaintiff seeks to avoid Defendants taking her deposition in this District where the case is pending, yet Plaintiff has not provided the required evidence of exceptional or compelling circumstances to warrant her deposition occurring outside of this District. In short, by noticing her own deposition, Plaintiff seeks to strip Defendants of the information they need to effectively defend themselves and conduct an appropriate deposition of Plaintiff. The Court should reject Plaintiff's effort.

*Ex parte* relief is necessary because Choice will not be able to obtain relief through a regularly noticed motion prior to the date set for the deposition—one week from the date of this filing on November 4, 2025. Choice is also without fault in creating the need for expedited relief as Plaintiff served the Notice on October 21, 2025, claiming that she had completed her social-media production on Friday, October 24, 2025, and Choice was able to orally confer with most Defendants regarding the instant application on the same date this application is filed.

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Pursuant to Local Rule 7-19, Choice's counsel discussed this *ex parte* application with Amanda J. G. Walbrun (Boucher LLP, 21600 W. Oxnard Street, Suite 600, Woodland Hills, CA 91367, walbrun@boucher.la, 818.340.5400), counsel for Plaintiff, via telephone on October 28, 2025. (Kastler Decl. ¶ 15.) Plaintiff's counsel stated that Plaintiff intends to oppose this application. (*Id.*)

Choice's counsel also orally discussed this *ex parte* application with the following Defendants: (a) Amanda Villalobos (Tucker Ellis LLP, 515 South Flower Street, 42nd Floor, Los Angeles, CA 90071, amanda.villalobos@tuckerellis.com, 213.430.3400), counsel for Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC; (b) Jennifer Stone (Bordin Semmer LLP, 6100 Center Drive, Suite 1100, Los Angeles, CA 90045, JStone@BordinSemmer.com, 323.457.2110), counsel for Defendant Khanna Enterprises LTD LP; (c) David Rodriguez (de la Pena and Holiday LLP, 601 Montgomery Street, Suite 700, San Francisco, CA 94111, drodriguez@dlphlaw.com, 415.268.8000), counsel for Defendant Tri-Lin Holdings, LLC; (d) Ashleigh Reif Kasper (O'Hagan Meyer, 550 South Hope Street, Suite 2400, Los Angeles, CA 90071, akasper@ohaganmeyer.com, 213.423.6005), counsel for Defendant Kabir Ontario, LLC; and (e) Cynthia Ann Kitchen (Chen Horwitz & Franklin, 8055 W Manchester Ave., Suite 430, Playa Del Rey, CA 90293, cynthia@chflawfirm.com, 424.320.8420), counsel for Defendant RR Ontario, LLC (all together, "Non-Choice Defendants"). (Kastler Decl. ¶ 16.) The Non-Choice Defendants all stated that they do *not* oppose the relief requested by Choice in the instant *ex parte* application. (*Id.*)

This application is based upon the attached Memorandum of Points and Authorities, the Declaration of Jamie Kastler, the pleadings and files in this action, and such other argument and evidence as may be presented at any hearing on the application.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Respectfully submitted this the 28th day of October, 2025.

GORDON REES SCULLY MANSUKHANI, LLP

By:    /s/ Kai Peters
       Kai Peters

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

By:    /s/ Sara M. Turner
       Sara M. Turner
       Admitted *Pro Hac Vice*

*Attorneys    for    Defendant    Choice    Hotels International, Inc.*

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

## I.    INTRODUCTION

Materials relating to a plaintiff's social-media activities are vital in taking a plaintiff's deposition in a TVPRA action. These materials go to the heart of a plaintiff's claims, either confirm or contradict a plaintiff's assertions regarding her alleged trafficking at hotels, defendants' alleged constructive knowledge, and provide important evidence as to any purported harm suffered by a plaintiff. Defendants' access to these materials and ability to question a plaintiff during her deposition on her own statements and activities on social media often drive the course of these plaintiffs' depositions and are central to defendants' due process rights and ability to defend themselves in these TVPRA actions.

Given the importance of these social-media materials, Choice and other Defendants were crystal clear with Plaintiff that a deposition on November 4, 2025 was "tentative" and conditioned on Plaintiff providing the social-media discovery materials requested by Plaintiff well in advance of that potential deposition date. Plaintiff failed to do so and Choice therefore notified Plaintiff on October 17, 2025 that it would not proceed with Plaintiff's deposition on November 4, 2025.

Plaintiff did not respond by working with Defendants to produce all outstanding social-media discovery and scheduling a new date for Plaintiff's deposition. Instead, Plaintiff *noticed her own deposition* for November 4, 2025. Plaintiff thus blatantly attempts to force Defendants to conduct her deposition when Plaintiff has not produced fulsome social-media materials requested by Choice and other Defendants. The Court should reject this open gamesmanship by Plaintiff.

In addition to this social-media issue, Plaintiff also provided for the first time in her Notice that her deposition would be remote. Choice has been clear since May 2025 that it will take Plaintiff's deposition in person, Plaintiff did not contest this issue at all until she issued the Notice, and the Court should reject Plaintiff's attempt to change positions on this issue at the eleventh hour.

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Finally, prior to serving the Notice, Plaintiff requested that her in-person deposition occur at a location outside of this District where the case is pending and at a location closer to Plaintiff's residence. Plaintiff bears the burden of proving that exceptional or compelling circumstances require that her deposition occur outside of this District and Plaintiff has not done so.

Choice respectfully requests that the Court enter a protective order cancelling the November 4, 2025 deposition of Plaintiff noticed by Plaintiff herself, and stating that Plaintiff's deposition shall be in person and at a location in this District when it occurs.

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

### A.    *Ex Parte* Relief is Necessary and Appropriate

*Ex parte* relief is appropriate when a party shows that "(1) its 'cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'; and (2) 'the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Sleep Number Corp. v. Sizewise Rentals, LLC*, Case No. ED CV 18-356-AB (SPx), 2019 WL 12536127, at *2 (C.D. Cal. Sept. 26, 2019) (quoting *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). The instant *ex parte* application meets both requirements.

As to the first requirement, Choice (and the other defendants) will suffer irreparable harm if the Court permits Plaintiff's self-noticed November 4, 2025 deposition to proceed. As discussed at length herein, Plaintiff has utterly failed to produce the vast majority of her relevant social media materials. The parties are still in discovery negotiations as to those materials, but the benefit of those discussions will be substantially impaired if Plaintiff succeeds in forcing Defendants to depose Plaintiff without all of Plaintiff's relevant social-media materials.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

8

Additionally, by self-noticing her own deposition as being remote, Plaintiff deprives Defendants of the ability and right to be physically present at her deposition and witness Plaintiff's answers, demeanor, and mannerisms. Indeed, assuming that Plaintiff later claims that she cannot attend trial, this will effectively mean that Defendants may *never* see Plaintiff in person throughout the entirety of this litigation, thereby severely inhibiting their defense and due process rights.

Turning to the second requirement, Plaintiff is the party who created the emergency and time-sensitive issues warranting the instant *ex parte* application. Plaintiff served the Notice on October 21, 2025—14 days prior to the noticed deposition. Plaintiff then informed Choice and the other Defendants that Plaintiff had completed her social media production on Friday, October 24, 2025. That left Choice with little time to review Plaintiff's social-media production, determine the glaring scope of the remaining deficiencies in Plaintiff's production, and to confer with the other Defendants and Plaintiff regarding this application. Choice now files the instant *ex parte* application the same day it orally conferred with most Defendants and 7 days prior to Plaintiff's self-noticed deposition. In short, Choice has been diligent and had no part in creating the crisis warranting this *ex parte* application.

As there is significant risk—and, indeed, certainty—of irreparable prejudice and because Choice is blameless in creating the crisis necessitating *ex parte* relief, Choice should be allowed to proceed *ex parte*. *See, e.g., Fleites v. MindGeek S.A.R.L.*, Case No.: 2:21-04920 CJC (ADSx), 2023 WL 5505890, at *1 (C.D. Cal. June 1, 2023) (finding that *ex parte* relief was appropriate where deposition notice was served 8 days before deposition which prevented party from filing regularly noticed protective order).

**B.** **Plaintiff's Notice Improperly Attempts to Force Defendants to Take the Deposition of Plaintiff Without a Full Production by Plaintiff of Her Social-Media Materials**

9

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

A plaintiff's production of discovery materials relating to her social-media accounts and activities is vital evidence, especially in TVPRA litigation. Discovery relating to a plaintiff's social-media activities yields some of the most highly relevant and important evidence in these cases, including, but far from limited to, evidence supporting or contradicting a plaintiff's assertions that she was trafficked during a particular time period or at certain locations, the individuals with whom the plaintiff communicated during the alleged time period (who themselves become important witnesses), the plaintiff's own statements during and after the alleged trafficking period as to whether she is being trafficked or if force, fraud, or coercion are being used against her, the plaintiff's descriptions of the conduct of her alleged traffickers, potential evidence related to alleged constructive knowledge, and the plaintiff's own statements during and after the alleged trafficking period as to any purported harm suffered by the plaintiff. Given the central importance of this evidence in TVPRA cases, it is essential that defendants have access to this evidence at the time of the plaintiff's deposition. Yet Plaintiff here blatantly attempts to deprive Choice and the other Defendants from access to this vital social-media discovery by self-noticing her deposition when the vast majority of this discovery remains outstanding.

Choice has consistently sought discovery relating to Plaintiff's social-media activities in this litigation and Plaintiff has represented that she would willingly produce them. On May 7, 2025, Choice served upon Plaintiff Choice's First Requests for Production to Plaintiff E.C. (the "Requests"). (Kastler Decl., Ex. B (the Requests).) In Request No. 14, Choice requested that Plaintiff produce "[a]ll social media or other posts related to Plaintiff's trafficking and/or the [hotel at which Plaintiff claimed she was trafficked] on websites, blogs, or social media accounts." (*Id.* at 6.) In Request No. 31, Choice further requested that Plaintiff produce the following, in part:

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

> For each social media account that [Plaintiff] own[s], possess[es], and/or control[s], produce a paper, electronic image, and electronic native copy that include, but are not limited to: any posts made by [Plaintiff] on [Plaintiff's] own pages as well as posts made by [Plaintiff] on other pages; [Plaintiff's] full profile; activity log; events; files; friends; groups; likes and reactions; location; messages; other activity; payment history; photos and videos; search history; and stories.

(*Id.* at 9.) As a "courtesy," Choice also provided as Exhibit A to the Requests "instructions for downloading from several sites: Facebook, Instagram, Twitter, TikTok, and LinkedIn." (*Id.*) Choice served this Exhibit A to the Requests upon Plaintiff on May 8, 2025. (Kastler Decl., Ex. C.) Choice also provided detailed instructions in Request No. 31 as to the information Choice requested that Plaintiff provide if she is "unable to access" a social-media "account." (*Id.*, Ex. B at 9.)

Based on Choice's experience in other matters, Choice is aware that many plaintiffs in these types of cases claim they either cannot access social-media accounts, or only produce extremely limited portions of this highly relevant discovery. To avoid this issue, Choice served upon Plaintiff the Exhibit A to the Requests, which consists of courtesy social media download guidance instructing both Plaintiff and her counsel of how to both access and download Plaintiff's complete social-media files. (Kastler Decl., Ex. C (the courtesy social media instructions).)

As of August, Plaintiff had produced next to none of the social-media materials sought by Request Nos. 14 or 31—as well as a wide range of other requested discovery. As such, Choice served a deficiency letter upon Plaintiff on August 22, 2025. (*Id.*, Ex. D (Choice's deficiency letter).) In this deficiency letter, Choice noted, in relevant part, why Plaintiff's objections relating to social media (and numerous other requests) lack merit and requested that Plaintiff produce all documents sought by the Requests. (*Id.* at 2–4.) Choice also provided the following

11

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

statement reaffirming the obvious importance and need for Plaintiff to provide all information and documents sought by Choice as to social media: "Plaintiff's social media activity and information related thereto is highly relevant in this matter for numerous reasons, such as showing Plaintiff's locations, contacts, and communications before, during, and after the alleged trafficking period." (*Id.* at 3.) To date, Plaintiff has not responded to this deficiency letter.

Choice (and other Defendants) only reaffirmed the vital importance of Plaintiff producing all requested social-media materials ***prior*** to her deposition. Indeed, Choice and other Defendants have repeatedly made clear that they will only proceed with Plaintiff's deposition *after* Plaintiff's fulsome social-media production well in advance of that deposition. On September 16, 2025, a counsel for Plaintiff "confirmed" her deposition for November 4, 2025. (*See* Kastler Decl., Ex. E (September 16, 2025 email chain).) However, the very same day and in response to Plaintiff's email, a counsel for Choice expressly told Plaintiff and the other Defendants that the November 4, 2025 "deposition is ***tentative*** pending [defendants'] receipt of social media in short order." (*Id.* (emphasis added).) Choice's counsel also requested that Plaintiff "[l]et us know a date certain when we can plan to get that information so we can confirm this" November 4, 2025 "date" for Plaintiff's deposition. (*Id.*) Choice was not alone in this position, as a counsel for the "Red Roof Defendants" responded to this email chain by telling Plaintiff that, "[a]s [counsel for Choice] notes below and as [counsel for the Red Roof Defendants] stated in [their] September 9th email, [the Red Roof Defendants] can only agree to move forward with the deposition if Plaintiff provides the social media production that [Plaintiff] agreed to provide following [their] meet and confer at least 10 days before the deposition."[1] (*Id.*) Counsel for the "Red Roof Defendants" also noted that

---

[1] This apparent "agree[ment]" between the Red Roof Defendants and Plaintiff was that Plaintiff would produce "the social media where [Plaintiff] found anything related to the trafficking, trafficking period, or the traffickers and/or was generated during the trafficking period." (Kastler Decl., Ex. F (Ms. Southworth's October 24,

12

they "requested that [Plaintiff] provide this production by September 8, but [they] ha[d] yet to receive it." (*Id.*)

On October 5, 2025, counsel for Choice sent an email to Plaintiff and the other Defendants "follow[ing] up on the scheduling of Plaintiff's deposition." (Kastler Decl., Ex. G.) Counsel for Choice further stated that they "ha[d] not received any social media from Plaintiff" and that "[i]f [they] have not received that production by the end of this week, we will need to discuss rescheduling in order to have time to review and conduct any follow ups if needed." (*Id.*)

On October 8, 2025, Plaintiff provided an initial production of social-media related materials. However, those materials related to Plaintiff's social-media activity in 2024 or 2025—a decade after the end of the "approximately October 2009 to April 2014" total trafficking period alleged by Plaintiff in the operative First Amended Complaint. (ECF No. 113 ¶ 68.) Given this glaring ongoing deficiency as to Plaintiff's production of social-media materials, Choice sent the following email to Plaintiff and the other Defendants on October 17, 2025 noting that Choice would not proceed with Plaintiff's deposition on November 4, 2025:

> Our review indicates that Plaintiff's social-media production is far from complete and Plaintiff has only produced social media relating to the past couple years. Given this outstanding deficiency, Choice will not proceed with the deposition of Plaintiff on November 4, 2025. Instead, Choice requests a meet and confer involving all parties to discuss this social-media issue. Please provide your availability over the next couple weeks for this meet and confer.

(Kastler Decl., Ex. H.) This email is entirely consistent with the position of Choice and the Red Roof Defendants, as provided in their September 16, 2025 emails—the November 4, 2025 date was only "tentative" and they would only move forward

2025 email).) Choice and the other Defendants were not a party to that agreement and it is not binding on Choice. Nonetheless, as discussed herein, Plaintiff's production to date does not even satisfy the terms of that agreement between the Red Roof Defendants and Plaintiff.

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

with Plaintiff's deposition if Plaintiff provided all requested social-media discovery well in advance of that date. (*Id.*, Ex. E.) Plaintiff did not, so the deposition would not move forward on November 4, 2025.

Plaintiff did not respond to Choice's October 17, 2025 email by providing the fulsome social-media discovery production Choice and other Defendants have requested for many months. Plaintiff also did not respond to this email by acknowledging Defendants' long-standing position that this deposition cannot proceed without Plaintiff producing the requested social-media materials. Rather, on October 21, 2025, Plaintiff *self-noticed her own deposition* for November 4, 2025 ignoring the deficiencies in her social-media production. (*See* Kastler Decl., Ex. A (the Notice).)

On October 23, 2025, Plaintiff provided another social-media production, which consisted of 33 pages of PDF screenshots from Facebook from August 2012 and a series of undated PDF excerpts of comments from an unidentified social-media account and without *any* relevant context (such as date or whether the comment was in response to another posting or comment). The next day on October 24, 2025, counsel for Plaintiff notified Defendants that Plaintiff's "[s]ocial media production is complete at this point." (Kastler Decl., Ex. F (Ms. Southworth's October 24, 2025 email).)

In total, as of this writing, Plaintiff has produced the following as to her social-media accounts: (1) 33 pages of screenshots of Facebook posts from one month in the alleged trafficking period (August 2012); (2) roughly 31 pages of various PDF comment excerpts that lack any discernable context and a handful of which Plaintiff claims in her produced "Social Media Index" are from eight years after the trafficking period (2022), and (3) a series of PDF screenshots of social-media posts from 2024 and 2025. Of vital importance, to date, Plaintiff has *not* produced social media for *any* of the following: (1) before the trafficking period; (2) the vast majority

14

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

of the alleged trafficking period (October 2009 to July 2012, or September 2012 through April 2014), (3) after the trafficking period through 2022, and then again between 2022 and 2024; (4) the technical JSON metadata collections of any of these time periods; or (5) anything from an additional recently discovered Facebook account recently referenced by Plaintiff.

Plaintiff's self-notice seeks to force Choice and all Defendants to take her deposition without her social-media production. Plaintiff raises serious allegations and claims in this case and Defendants have the right to test those allegations and claims through a deposition of Plaintiff that is informed by a fulsome discovery production by Plaintiff. Plaintiff's attempt to circumvent this requirement and hamstring Defendants is an open attempt to infringe on Defendants' due process rights. The Court should fully reject this attempt by Plaintiff.

Plaintiff's self-notice also presents other problems. Discovery negotiations between the parties relating to Plaintiff's social-media production are ongoing. Choice and Plaintiff have a meet-and-confer scheduled for October 29, 2025 to discuss deficiencies in Plaintiff's discovery responses and production—including those relating to Plaintiff's social-media activity.

Additionally, even as to the social-media materials Plaintiff has produced, there are obvious deficiencies. For example, Plaintiff excerpted certain comments from an unknown social-media account and produced them without context or identification. Plaintiff redacted information from those same excerpts due to purported "third-party privilege" without providing any justification for the redaction of public posts relating to third parties likely to possess relevant information. For the first time in an October 24, 2025 email, Plaintiff's counsel stated that they did not produce certain "data" relating to Plaintiff's social-media accounts on the purported basis that "it is just not relevant," but did not provide a log of such withholding, depriving Defendants of an opportunity to challenge this

15

basis or identification of what is being withheld. By self-noticing her deposition for November 4, 2025, Plaintiff effectively interrupts the ongoing negotiations between the parties, prevents Choice and the other Defendants from using any further discovery that comes from these negotiations in Plaintiff's deposition, and undermines the purpose behind the meet and confer process.

If the Court permits Plaintiff to self-notice her own deposition while discovery is ongoing and there are outstanding discovery disputes relating to this critical evidence, it will provide a dangerous precedent, unduly impairing Defendants' due process and defense rights.

Choice anticipates that Plaintiff may attempt to justify the extreme deficiencies in her production of social-media materials by stating that either she has complied with Choice's requests, or that certain accounts are unavailable. The answer to the former issue is simple—Plaintiff has not satisfied Choice's requests as to social media. Choice provided detailed requests and instructions as to how Plaintiff can access her accounts, fully download all relevant information from those accounts, and produce it to Choice. Plaintiff simply failed to do so and instead produced PDF screenshots and bizarre excerpts from unknown social media accounts. Plaintiff produced a single document in the "JSON" format requested by Choice, but it is obvious that said document lacked any technical support in its collection, review, or production. It is obvious that Plaintiff failed to use technical experts to assist in her ESI collection and production, as required by the Rules.

As to Plaintiff's likely argument regarding unavailable accounts, the instructions in Exhibit A to the Requests provide details about how to access accounts that appear unavailable. And if in fact any accounts are actually unavailable, then Request No. 31 requests specific details regarding those accounts that Choice needs to test Plaintiff's assertion that the accounts are unavailable. Plaintiff has not provided any such information to date.

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Choice was clear with Plaintiff that the November 4, 2025 date for her potential deposition was "tentative" and entirely dependent on Plaintiff producing all requested social-media discovery materials in advance of the deposition, to which Plaintiff did not object. Plaintiff failed to do so, and Choice therefore told Plaintiff that it would not proceed with her deposition on November 4, 2025. Rather than meeting and conferring in good faith with Choice and the other Defendants to resolve these ongoing issues, Plaintiff responded by noticing her own deposition for November 4, 2025 in an attempt to force all Defendants to take her deposition without Plaintiff's fulsome social-media production.

**C.    Plaintiff's Notice Improperly Attempts to Force Defendants Into a Remote Deposition of Plaintiff**

There is separate and independent basis for the Court to grant a protective order: in the process of self-noticing her own deposition, Plaintiff unilaterally attempts to change the terms of the deposition from an in-person deposition to a remote deposition. The Court should similarly reject this tactic.

During a May 22, 2025 call between Plaintiff and all Defendants, Choice expressly stated that it intended to conduct Plaintiff's not-yet-scheduled deposition in person. Plaintiff's "AI" summary of this call provided that "defendants prefer[] in-person depositions." (Kastler Decl., Ex. I.) Choice again reaffirmed that it would seek to depose Plaintiff in-person in a September 16, 2025 email to Plaintiff and all Defendants wherein Choice stated that it "intends to depose Plaintiff in person" and that we can "provide remote opportunities for those that [wish] to participate remotely." (*Id.*, Ex. J.) Plaintiff's counsel agreed with Choice's position and stated in an email sent the same date that Plaintiff's "deposition should be hybrid and allow for remote connections." (*Id.*, Ex. F.)

Between when the issue was first raised on May 22, 2025 until the Notice was served on October 21, 2025, Plaintiff never contested Choice's request and stated

17

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

intent to depose Plaintiff in person. For the first time in this litigation, Plaintiff insisted that Plaintiff's deposition be remote. (*See id.*, Ex. A.)

Defendants have the right to test Plaintiff's allegations and claims and to see Plaintiff in person to view her demeanor, mannerisms, and reactions firsthand.

If Plaintiff wanted to insist on a remote deposition, she could have raised that concern at any point in the ***five months*** after Choice first raised this in the May 22, 2025 conference. Choice could have then sought relief from the Court on this issue in the normal course of discovery. Choice respectfully requests that the Court issue a protective order ensuring that Plaintiff's deposition (whenever it may occur) shall be in person with remote options for those parties that are so inclined.

## D.    Plaintiff's Notice Improperly Seeks the Deposition of Plaintiff Outside of this District

There is a third independent basis for issuing a protective order—Plaintiff demands that, if in person, her deposition occur outside of the District where this case is pending, yet Plaintiff has not met her burden of proving exceptional or compelling circumstances justifying an out-of-District deposition.

A party that has "filed suit in [a federal judicial district] should . . . expect to have to appear there." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "The general rule [is] that a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought . . . ." *Fenerjian v. Nong Shim Co., Ltd*, No. 13CV04115WHODMR, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016). This rule is "'based not only upon the fact that Plaintiffs choose the forum but also upon pragmatic considerations. . . . This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time.'" *Id.* (quoting *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-3477-CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999)).

18

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

"To overcome the presumption that a plaintiff's deposition shall take place in the district in which plaintiff filed suit, the 'plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum.'" *Id.* (quoting *Mullins v. Premier Nutrition Corp.*, No. C–13–01271–RS (DMR), 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014)). A "plaintiff must persuasively demonstrate that traveling to the forum for his deposition would, for physical and financial reasons, be practically impossible, or that it would otherwise be fundamentally unfair." *Mueller v. Cnty. of San Bernardino*, No. EDCV18151DSFSPX, 2019 WL 9050998, at *3 (C.D. Cal. Dec. 19, 2019) (citation omitted); *see also Perdana Cap. Inc. v. Chowdry*, No. C 09-1479 RS (JL), 2010 WL 11475933, at *9 (N.D. Cal. Sept. 2, 2010) ("'In the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice–even if he is a nonresident.'" (quoting *Orrison v. Balcor Company*, 132 F.R.D. 202, 203 (N.D. Ill. 1990))).

Prior to serving the Notice, Plaintiff expressed her desire to have the deposition occur near her home in another District in California.[2] In a declaration from Plaintiff provided to Defendants on October 24, 2025, Plaintiff provided the basis for this request for the first time—namely, "mental health" issues. To date, Plaintiff has not provided details regarding these issues, evidence of any diagnoses or treatment regarding the issues, or *any* other evidence supporting Plaintiff's assertion that these undescribed "mental health" issues preclude Plaintiff from travelling to a location in this District where this case is pending.

---

[2] Given the pending Stipulated Protective Order Governing Disclosure of Plaintiff's True Identity, (ECF No. 196), Choice remains cognizant of not revealing Plaintiff's location. Choice is therefore intentionally vague in alluding to the location where Plaintiff requested her deposition be held, if in person. Of course, upon request by the Court, Choice will certainly provide to the Court *in camera* or through some other non-public means Plaintiff's stated location.

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

To be clear, Choice is not inherently opposed to taking Plaintiff's deposition *after* Plaintiff has provided a fulsome social-media production (and certainly not on Plaintiff's self-noticed date of November 4, 2025) and *in person* at a location closer to Plaintiff's residence. However, Plaintiff bears the burden of proving that exceptional or compelling circumstances require that her deposition occur outside of this District. Plaintiff has not come close to doing so. Thus, if the Court finds that an in-person deposition of Plaintiff is warranted (and it is), the Court should also find that Choice and/or the other defendants may notice Plaintiff's deposition at a location within this District.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

20

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA

## III.   CONCLUSION

Based on the foregoing, Choice respectfully requests that the Court enter a protective order cancelling the November 4, 2025 deposition of Plaintiff that was noticed by Plaintiff herself, and stating that Plaintiff's deposition shall be in person and at a location in this District when it occurs.

Respectfully submitted this the 28th day of October, 2025.

GORDON REES SCULLY MANSUKHANI, LLP

By:   /s/ *Kai Peters*
        Kai Peters

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:   /s/ *Sara M. Turner*
        Sara M. Turner
        Admitted *Pro Hac Vice*

*Attorneys for Defendant Choice Hotels International, Inc.*

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

21

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of record.

/s/ *Kai Peters*
KAI PETERS

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

22

DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: PLAINTIFF'S SELF-NOTICED NOVEMBER 4, 2025 DEPOSITION – CASE NO. 2:24-CV-02322-DSF-MAA